MYERS, P.J., for the Court.
PROCEDURAL HISTORY AND STATEMENT OF FACTS
¶ 1. Mark Jackson, a Mississippi Department of Corrections inmate, filed suit alleging that prison officials erred in finding him guilty of a Rule Violation Report (RVR) for “engaging in a sexual act with others or indecent exposure,” and reclassifying Jackson as a sexual predator within the prison classification system. On March 7, 2005, after exhausting appellate procedures afforded to prisoners under the Administrative Remedy Program (ARP), Jackson filed a petition to show cause in the Circuit Court of Greene County, Mississippi. In his petition, Jackson failed to attach a copy of the appealed RVR. Pursuant to the authority granted under Mississippi Code Annotated section 47-5-807 (Rev.2004), the circuit court affirmed the decision of the ARP and dismissed Jackson’s petition. From the dismissal of his suit, Jackson brings this appeals in forma pauperis seeking expungement of the issued RVR from his inmate file and monetary damages against the prison officials. Jackson cites the following issues in his appeal:
I. WHETHER THE APPELLANT WAS ISSUED A RULE VIOLATION REPORT IN ERROR?
*428 II. WHETHER THE DISCIPLINARY HEARING BEING HELD DAYS AFTER BEING ISSUED THE RULE VIOLATION REPORT VIOLATES THE APPELLANT’S PROCEDURAL DUE PROCESS RIGHTS?
III. WHETHER THERE WAS ENOUGH EVIDENCE TO FIND THE APPELLANT GUILTY OF THE RULE VIOLATION REPORT?
IV. WHETHER RECLASSIFYING THE APPELLANT AS A SEXUAL PREDATOR WITHIN THE PRISON SYSTEM IS A VIOLATION OF APPELLANT’S CONSTITUTIONAL RIGHTS?
V. WHETHER THE SUPERINTENDENT AND THE COMMISSIONER ERRED IN NOT EXPUNGING THE RULE VIOLATION REPORT?
VI. WHETHER THE CIRCUIT COURT ERRED IN NOT EXPUNGING SAID RULE VIOLATION REPORT?
STANDARD OF REVIEW
¶ 2. All issues in this appeal are to be reviewed under the same standard. This Court will not disturb the decision of an administrative agency unless the challenging party can show that the decision was “unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Edwards v. Booker, 796 So.2d 991, 994(¶ 10) (Miss.2001).
LEGAL ANALYSIS
¶ 3. Significant to this Court’s review of the issues presented on appeal is that Jackson failed to include a copy of the issued RVR containing the facts that he asserts as error. The core of Jackson’s argument is the review board’s finding of his guilt. Without a copy of the actual RVR including the board’s findings, the lower court and this Court are presented with insufficient evidence to overturn the board’s finding of guilt. Consequently, the absence of the document containing the board’s findings from the record is fatal to Jackson’s appeal.
¶ 4. The circuit court did not have the cited RVR before it in its review; therefore, we cannot find that it was error for the trial judge to affirm the ARP’s decision and dismiss Jackson’s petition. This Court finds that Jackson neglected to present sufficient evidence, in accordance with his burden of proof, to warrant a grant of his petition. In application of our standard of review, this Court cannot find that the decision of the ARP review board was “unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Id. Accordingly, Jackson’s claims of error must fail.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.